Casimiro **BENAVIDEZ**, Appellant,

v.

**ISLES CONSTRUCTION COMPANY**, Appellee.

No. 13–85–483–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

William H. Berry, Jr., Corpus Christi, for appellant.

Joh. O. Miller, III, Corpus Christi, for appellee.

Before DORSEY, UTTER and BENA-VIDES, JJ.

## OPINION

DORSEY, Justice.

Casimiro Benavidez appeals a judgment of the trial court reducing the damages awarded to him by the jury and failing to award him prejudgment interest.

Appellant was injured in a motorcycle accident which occurred on a Port Aransas street which was being repaired by appellee construction company. The jury found that the negligence of both Benavidez and Isles on the occasion in question proximately caused appellant's injuries. It found Isles 60% negligent and Benavidez 40% negligent. The jury also found that appellant had suffered $55,000.00 in damages.

Isles filed a Motion for Judgment Notwithstanding Verdict which contained an alternative prayer for a remittitur. The trial court found that although the jury awarded appellant $55,000.00, the record supported an award of only $30,323.03 and reduced that amount by 40% to $18,193.82, pursuant to TEX.REV.CIV.STAT.ANN. art. 2212a.[1] The reduction in damages was

not conditioned upon the overruling of a motion for new trial, and no motion for new trial was filed by the appellee.

By his first, fourth and fifth points of error, appellant argues that the trial court's action in reducing the damages usurped the jury's function. We agree. We must first categorize the action of the trial court in reducing the damages as found by the jury. It is argued that the trial court's action was either a remittitur of excess damages or was a judgment non obstante veredicto.

"Since 1846, it has been within the power of the trial court to order a party to remit a portion of the damages awarded as a condition to the overruling of a motion for new trial." *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835, 839 (1959). A remittitur is proper when a trial court concludes that a verdict is excessive in light of the whole record. *City National Bank in Wichita Falls v. Jacksboro National Bank*, 602 S.W.2d 511 (Tex.1980); *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835 (1959). TEX.R.CIV.P. 328 provides that a new trial may be granted when the damages are manifestly too small or too large, provided that whenever the court shall *direct* a remittitur, the party remitting shall not be barred from contending on appeal that the remittitur should not have been required. The appellate rule concerning remittitur provides that the appellate court shall indicate to such party within what time he may file a remittitur of such excess. TEX.R.CIV.P. 440. Clearly, both trial and appellate courts have the power to direct the prevailing parties to a lawsuit to file a remittitur as an alternative to new trial. However, in this case, the trial court ordered a reduction of the damages in its judgment and did not condition the reduction on the overruling of a motion for new trial. Its action had the effect of overturning the jury's verdict but cannot be considered a remittitur.

1. Act of June 9, 1973, ch. 28, 1973 Tex.Gen.Laws 41, *repealed by* Act of June 16, 1985, ch. 959 § 9(1), 1985 Tex.Sess.Law Serv. 7043, 7218 (now codified as TEX.CIV.PRAC. & REMS.CODE ANN. §§ 33.001–33.017) (Vernon 1980).

■ A trial court may also disregard findings of a jury which have no support in the evidence by granting a judgment notwithstanding the verdict or by disregarding answers to special issues. We review the record in such cases in the light most favorable to the jury's findings considering only the evidence and inferences which support them. *Williams v. Bennett,* 610 S.W.2d 144 (Tex.1980); *Coffee v. F.W. Woolworth Co.,* 536 S.W.2d 539 (Tex.1976). We find the trial court's action in this case analagous to the granting of a judgment notwithstanding the verdict, and we will review the evidence following those standards.

■ The jury was asked to consider the following elements in answering the damage issue: physical pain and mental anguish in the past, physical pain and mental anguish in the future, loss of earnings in the past, hospital and medical expenses incurred in the past, hospital and medical expenses incurred in the future, loss of physical capacity in the past and loss of physical capacity in the future. The parties stipulated that appellant had lost wages of $2,194.80 and past medical expenses of $2,299.02. It is, therefore, apparent that the bulk of the jury's award was for physical pain and mental anguish and loss of physical capacity. In reviewing an award of damages based largely upon pain and suffering, the jury's findings should be given special weight. *Cantu v. Del Carmen Pena,* 650 S.W.2d 906, 911 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *V. Mueller & Co. v. Corley,* 570 S.W.2d 140, 146 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.).

Appellant testified that he suffered a fracture of the first vertebra in the back, a spinous process fracture and three rib fractures. He was hospitalized for one week and was away from work as an artificial kidney specialist for three months. He told the jury that after the accident he found it hard to breathe, he could not move his head around, and he was in a lot of pain. He wore a neck brace for a time after the accident. He continues to have numbness

in his back from shoulder blade to shoulder blade. He can no longer lift weights, has pain when he lifts patients, and has restricted neck movement.

Dr. Damon Bernwanger confirmed that appellant received a fracture of the first cervical vertebra and broken ribs. He said that these are painful injuries. Dr. Mark Anthony DeNaples also testified by deposition to appellant's injuries.

■ We have reviewed the evidence in the light most favorable to the verdict and find that there was some evidence to support the jury's verdict. The trial court erred in substituting its findings for that of the jury. *See Doerfler v. Espensen Co.,* 659 S.W.2d 929, 931 (Tex.App.—Corpus Christi 1983, no writ); *Highlands Insurance Co. v. Baugh,* 605 S.W.2d 314 (Tex. Civ.App.—Eastland 1980, no writ). Appellant's points of error one, four, and five are sustained.

■ By appellant's second point of error, he argues that the trial court erred in disallowing the motion to amend his pleadings in order to recover prejudgment interest. Appellant's damage issue did not segregate past losses from future losses. However, appellant argues that he is entitled to prejudgment interest on those damages stipulated to by the parties. These include lost wages, past medical expenses and property damage. A trial court abuses its discretion by failing to properly apply the law to undisputed facts. *Amoco Production Co. v. Hardy,* 628 S.W.2d 813 (Tex.App.—Corpus Christi 1981, writ dism'd); *see Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517 (1961). To determine whether an abuse of discretion occurred, we look to see if the court acted without reference to any guiding rules or principles. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (1986). At the time the trial court made its decision not to allow the trial amendment, the Supreme Court had recently handed down its opinion in *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985). *Cavnar* stands for the proposition that a prevailing plaintiff shall recover prejudgment interest compounded daily on damages that have accrued

by the time of judgment. *Id.* at 554. The Court's holding applied to all cases still in the judicial process involving personal injury actions. *Id.* at 556. In *Cavnar,* as in this case, the accrued damages were not segregated from the future damages. There, the Court barred recovery. Even though the parties stipulated to an amount for lost earnings and medical expenses, the jury's verdict reflected the single damage award of $55,000.00 and a property damages award of $1,500.00. Under these circumstances, we believe the trial court could have reasonably interpreted *Cavnar* to prohibit prejudgment interest because past damages were not segregated from future damages in the verdict. We hold that the trial court did not abuse its discretion. Appellant's second point of error is overruled.

We have addressed all controlling issues in this case and decline to consider appellant's other points. TEX.R.CIV.P. 451.

The judgment of the trial court is reversed and judgment rendered for the appellant, Casimiro Benavidez, against Isles Construction Company in the amount of $33,900.00, plus interest from the date of judgment.