Casimiro BENAVIDEZ, Petitioner,

v.

ISLES CONSTRUCTION COMPANY, Respondent.

No. C–5841.

Supreme Court of Texas.

March 18, 1987.

William H. Berry, Jr., Corpus Christi, for petitioner.

H.E. Bower, White Huseman, Pletcher & Powers, Corpus Christi, for respondent.

CAMPBELL, Justice.

This is a personal injury case in which the sole issue before this court is whether the plaintiff, Casimiro Benavidez, should be allowed to recover prejudgment interest under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). After a jury verdict was returned in his favor, Benavidez requested leave to file an amended petition seeking prejudgment interest. The trial court disallowed his trial amendment, rendered judgment denying prejudgment interest, and further ordered a remittitur of the damages awarded by the jury. The court of appeals reversed the trial court's order of remittitur and affirmed the denial of prejudgment interest. 716 S.W.2d 588 (Tex.App.—Corpus Christi 1986). We reverse that part of the judgment denying recovery of prejudgment interest.

Benavidez sued Isles Construction Company for damages resulting from his injuries sustained in a motorcycle accident on a street being repaired by the construction company. During the trial, the parties stipulated that Benavidez had accrued medical expenses ($2,299.02) and lost wages ($2,194.80) totaling undisputed damages of $4,493.82. The trial commenced on June 3, 1985, and on June 5, we decided the *Cavnar* case in which we recognized recovery of prejudgment interest in personal injury cases. On June 6, the jury returned their verdict finding (1) that the negligence of Benavidez and Isles Construction had proximately caused Benavidez' injuries; (2) that Isles was 60% negligent and Benavidez was 40% negligent; and (3) that Benavidez had suffered $55,000 damages to his person and $1,500 to his property. Subsequently, Benavidez sought to amend his petition to specifically request prejudgment interest. The court of appeals held the trial court's denial of prejudgment interest was not an abuse of discretion because the verdict reflected a single lump sum award which did not segregate accrued damages from future damages. 716 S.W.2d at 591.

In *Cavnar*, we limited the recovery of prejudgment interest to accrued actual damages thus precluding interest on punitive and future damages. 696 S.W.2d at 556; *see Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 636 (Tex.1986). Here, as in *Cavnar*, Benavidez failed to segregate

his accrued and future damages. Consequently, in answering Benavidez' issues, the jury awarded a single lump sum amount which combined past and future damages. The elements of his recovery for personal injuries were: (1) past and future physical pain and mental anguish, (2) past and future loss of physical capacity, (3) past and future medical expenses, and (4) loss of earnings in the past.

■ Although Benavidez failed to submit special issues segregating accrued from future damages, he contends that his stipulated damages of $4,493.82 and property damages of $1,500 are all accrued damages upon which recovery of prejudgment interest should be awarded. We agree. The stipulation, which covered past medical expenses and lost wages, was read into the record at the beginning of the trial. This was the only evidence of these damages. Furthermore, the trial court judgment recites that the "jury further found that [Benavidez] sustained $55,000 in damages for personal injuries, including $2,299.02 in stipulated damages for past medical expenses and $2,194.80 in stipulated lost wages, together with $1,500 in property damage." Therefore, we hold that the stipulation and the separate finding on property damages sufficiently segregated those past and accrued damages from future damages to allow prejudgment interest to be recovered on those items.

■ In the *Cavnar* decision, we stated that our holding applied not only to all future cases but also to all cases "still in the judicial process" as well. 696 S.W.2d at 556. Because prejudgment interest was not allowed in personal injury cases prior to *Cavnar, see Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11, 12 (1897), the question arises whether litigants in the judicial process at the time of the decision were required to plead for the recovery of prejudgment interest. We recognize that as a general rule plaintiffs are required to plead for prejudgment interest sought at common law as an element of damages, whereas statutory or contractual interest may be predicated on a prayer for general relief. *Republic National Bank v. Northwest Na-*

*tional Bank*, 578 S.W.2d 109, 116–17 (Tex. 1978); *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 96 (Tex. 1976). In *Republic National Bank*, we stated:

> Where prejudgment interest is sought at common law as an element of damages, the plaintiff must plead for it. Such is not the case where prejudgment interest is sought on the basis of a written contract fitting the description of article 5069–1.03. An award of this statutory interest, or interest *eo nomine* as it is known, may be supported by a prayer for general relief.

578 S.W.2d at 117.

■ Although we intended *Cavnar* to apply to all cases still in the judicial process, we did not dispense with the pleading requirement for prejudgment interest sought at common law, nor did we suspend Rule 301 which requires the judgment to conform to the pleadings. *See* Tex.R. Civ.P. 301. Furthermore, even if a prevailing plaintiff has pleaded for prejudgment interest, his claim may be waived by failing to preserve the point of error on appeal. *See Washington v. Walker County*, 708 S.W.2d 493, 497 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ Benavidez contends the trial court abused its discretion in refusing to permit him to file a postverdict trial amendment specifically praying for prejudgment interest. We agree. Under Rule 66 of the Texas Rules of Civil Procedure, the trial court may freely allow trial amendments "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits." Tex.R. Civ.P. 66. This rule gives the judge broad discretion, and his decision will only be overturned upon a showing of abuse of discretion. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 634 (Tex.1986). In determining whether the trial court abused its discretion, the question is whether the trial court's action was arbitrary and unreasonable. *Yowell*, 703 S.W.2d at 635.

The recovery of prejudgment interest does not require any evidentiary proof at trial. It simply requires a mechanical application of the *Cavnar* formula by the trial court after the verdict has been returned. This being the case, Benavidez' trial amendment could not have caused any surprise or prejudice to Isles Construction Company. We hold the trial court's refusal of the amendment was arbitrary and unreasonable and therefore an abuse of discretion.

Benavidez is entitled to prejudgment interest on the stipulated damages of $4,493.82 and the property damages of $1,500, totaling $5,993.82 of accrued damages, reduced by his own percentage fault of 40%. We reverse the judgment of the court of appeals and remand the cause to the trial court for rendition of judgment consistent with this opinion.