**QUALITY BEVERAGE, INC. and Willie Mays, Appellants,**

v.

**Teresita MEDINA, Appellee.**

No. 01–92–00959–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 10, 1993.

Julie H. Hannah, Houston, for appellants.

Bernard Bolanos, Houston, for appellee.

Before HEDGES, DUGGAN and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

In this case, the trial court ruled that defendants waived their right to toll the running of prejudgment interest by failing to (1) plead tolling as an affirmative defense, and (2) adduce proper evidence of a settlement offer communicated in writing. In one point of error, appellants-defendants assert that the trial court erred in its calculation of prejudgment interest. We remand the judgment to the trial court for a determination of prejudgment interest and affirm the judgment in all other respects.

Plaintiff Teresita Medina sued defendants Willie Mays and his employer, Quality Beverage, Inc., to recover damages incurred in a rear-end collision. In 1990, plaintiff filed her original petition, alleging bodily injuries, pain and suffering, and medical expenses. Sometime before April 29, 1991, defendants offered to settle the lawsuit for $14,000. Defendants' counsel referenced this offer in a letter to plaintiff's counsel dated April 29, 1991. The parties agree that the offer remained open until the first day of trial.

At trial defendants conceded liability, and the issue of damages was submitted to a jury. On June 24, 1992, the trial court entered judgment on the verdict for $17,-232. The parties filed a joint motion for judgment nunc pro tunc to amend the calculation of prejudgment and postjudgment interest amounts on July 9, 1992. On July 16, 1992, plaintiff filed her "Motion to Modify and/or Vacate Judgment," asserting that the judgment nunc pro tunc was "procedurally improper" because the amendments were not clerical errors. She further urged that *offset* under TEX.REV.CIV. STAT.ANN. art. 5069–1.05 (Vernon Supp. 1993), is an affirmative defense required to be pled under rule 94 of the Texas Rules of Civil Procedure. Because defendants neither pled the affirmative defense of *offset* in their answer nor adduced competent evidence to support such defense, they were

not entitled to toll the running of prejudgment interest during the time in which their settlement offer was open. No hearing was held on plaintiff's motion. On July 20, 1992, the trial court withdrew its judgments of June 24 and July 9 and issued both a modified judgment and an order on the motion to modify. Reciting that "the defense of Offset was waived," the order denied defendants any offset to prejudgment interest under the statute because they had not pled offset and "no evidence was introduced in the record."

On July 21, 1992, defendants filed a motion to modify judgment, requesting that the trial court amend its judgment to order prejudgment interest "from November 22, 1989, with credit as allowed pursuant to V.T.C.A. Article 5069–1.05 § 6(b) and 6(c)." Because the record does not reflect that the trial court ruled on this motion, we must assume that it was overruled by operation of law 75 days after the judgment was signed. TEX.R.CIV.P. 329b.

In their sole point of error, defendants assert:

> The trial court committed reversible error by failing to grant defendants' motion to modify the judgment signed July 9, 1992,[1] and by granting plaintiff's motion to modify the judgment signed July 9, 1992, and by signing on July 20, 1992, the form of modified judgment proffered by plaintiff, for the following reasons.

As "following reasons," defendants contend: (1) that the *credit* for prejudgment interest on a settlement agreement is a matter of law and need not be pled; (2) that defendants fulfilled the only condition for this statutory *credit* by communicating their settlement offer in writing; (3) that their claim was timely presented and error preserved because it was raised while the court retained plenary power "to modify, correct, or reform the judgment"; and (4) that equity demands that the *credit* be applied.

---

1. This point of error implies that both defendants' and plaintiff's motions to modify were before the trial court when it signed the modified judgment on July 20, 1992. However, the transcript reflects that defendants' motion to modify was filed one day after the modified judgment was signed.

Prejudgment interest on a personal injury claim is governed by TEX.REV.CIV.STAT. ANN. art. 5069–1.05, § 6 (Vernon Supp. 1993).[2] Section 6 speaks to the issue of settlement offers:

(a) Judgments in wrongful death, personal injury, and property damage cases must include prejudgment interest. Except as provided by Subsections (b), (c), and (d) of this section, prejudgment interest accrues on the amount of the judgment during the period beginning on the 180th day after the date the defendant receives written notice of a claim or on the day the suit is filed, whichever occurs first, and ending on the day preceding the date judgment is rendered.

. . . .

(c) If judgment for a claimant is more than the amount of a settlement offer by the defendant, *prejudgment interest does not include prejudgment interest on the amount of the settlement offer for the period during which the offer may be accepted.*

. . . .

(e) In order for a settlement offer to toll the running of prejudgment interest in accordance with the provisions of this section, the offer must be communicated to a party or his attorney or representative in writing. (Emphasis added.)

The parties' respective arguments present a semantic duel that must be addressed before we can properly interpret the statute. Defendants assert that section 6(c) provides for a *credit* on prejudgment interest that is applicable as a matter of law. This credit requires no pleadings, they argue, because it is not an affirmative defense. Plaintiff denominates the section 6(c) interest exclusion an *offset* that is a matter in avoidance required to be pled under rule 94 of the Texas Rules of Civil Procedure. She argues that because de-

fendants failed to plead this *offset* in their answer, they waived its application to prejudgment interest. Both these designations are inappropriate, because the statute refers to neither a *credit* nor an *offset.* Instead, section 6 provides for when prejudgment interest does or does not *accrue* and when a settlement offer will *toll* the running of prejudgment interest. Any legal significance associated with the words *credit* and *offset*, therefore, is not relevant to our analysis.

Plaintiff cites *Brown v. American Transfer & Storage Company*, 601 S.W.2d 931, 936 (Tex.1980), in support of her position that the issue is one of offset. In *Brown*, the Texas Supreme Court held that because an insurance payment is an offset, it is an affirmative defense, and the burden of pleading and proof is on the party asserting that defense. The *Brown* decision is neither controlling of nor analogous to the case before us because *Brown* did not involve a statutory provision for an *offset* in the calculation of the damages allowed. Rather, the *Brown* court reiterated a well-established rule unrelated to the statutorily prescribed calculation of prejudgment interest at issue here. The parties cite no case on point, and we have found none, that construes section 6(c) as an *offset* requiring rule 94 pleadings.

We therefore look to interpretation of the statute as a whole to determine whether section 6(c) requires a rule 94 pleading. A specific pleading is not a prerequisite to the award of prejudgment interest under section 6(a). The Texas Supreme Court has held that statutorily prescribed interest "may be predicated on a prayer for general relief." *Benavidez v. Isles Const. Co.*, 726 S.W.2d 23, 25 (Tex.1987). If we decide that a defendant must plead section 6(c) nonaccrual as an affirmative defense, we impose a higher standard of pleading than we demand of a plaintiff. Logic and consistency abhor such a result. Senator John Montford, a key proponent of the Tort Reform Act agrees, writing "this nonaccrual provi-

---

**2.** Section 6 was added to the prejudgment interest statute in 1987, and codified *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.

1985), which allowed a plaintiff to recover prejudgment interest in personal injury cases.

sion [section 6(c)] is mandatory." John T. Montford & Will G. Barber, *1987 Texas Tort Reform: The Quest for a Fairer and More Predictable Texas Civil Justice System*, 25 Hous.L.Rev. 59, 106 (1988). An automatic tolling, upon the occurrence of prescribed conditions precedent, does not fit the profile of a rule 94 affirmative defense.

A common-sense reading of rule 94 would exclude section 6(c) nonaccrual from the ranks of affirmative defenses. This rule applies "in pleading to a preceding pleading." Because a plaintiff is not required to plead for prejudgment interest, there is no "preceding pleading" to which a defendant responds. We hold that no pleading is required to toll prejudgment interest under sections 6(c) and 6(e).

■ But the party seeking to toll prejudgment interest does have an obligation to put its request to the court. Moreover, both the party seeking prejudgment interest and the party seeking to toll it must provide the court with evidence competent under the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence to establish the proper amount of the award. This evidence may be presented at any time during the court's plenary power.

■ In the case before us, defendants sufficiently alerted the court to the fact that prejudgment interest should be tolled. In their "Motion to Modify Judgment and for Entry of Judgment" filed July 21, 1992, defendants requested that the trial court amend the judgment by altering the prejudgment interest order to read as follows:

> IT IS FURTHER ORDERED that the Judgment hereby rendered shall bear prejudgment interest at the rate of 10 percent from November 22, 1989, with credit as allowed pursuant to V.T.C.A. Article 5069–1.05, § 6(b) and 6(c).

This language suffices both to inform the trial court and to preserve error on appeal. Defendants failed, however, to provide competent evidence to establish the fact that prejudgment interest was tolled. There are no stipulations or affidavits in the record, and there was no postjudgment hearing to adduce evidence on the proper amount of prejudgment interest. In an effort to provide the required evidence, defendants attached their counsel's letter dated April 29, 1991, as an exhibit to its "Response to Plaintiff's Motion to Modify And/Or Vacate Judgment" filed July 21, 1992. This letter, by itself, is not competent evidence, and we cannot consider it in support of defendants' contentions.

But defendants have not waived their section 6(c) nonaccrual rights, despite their evidentiary lapse before the trial court. In their brief they state, "On April 29, 1991, more than one year before trial, Defendants offered, in writing, the sum of $14,000 to Plaintiff in settlement of her claim for damages." Rule 74(f) of the Texas Rules of Appellate Procedure provides that "[a]ny statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party." *Mobil Oil Corp. v. Texas Commerce Bank–Airline*, 813 S.W.2d 607, 609 (Tex. App.—Houston [1st Dist.] 1991, no writ); Tex.R.App.P. 74(f). Defendants' statement was uncontroverted by plaintiff in her brief and was confirmed in oral argument. In the nunc pro tunc judgment dated July 19, 1992, the trial court acknowledged tolling of prejudgment interest "as allowed pursuant to V.T.C.A. Article 5069–1.05, § 6(b) and 6(c)." The reference in the judgment and plaintiff's concession on oral argument persuades us of the equity in accepting defendant's uncontroverted assertion of fact in its brief. Pursuant to rule 74(f), we accept defendants' unchallenged statement as a sufficient basis for tolling prejudgment interest on the amount of the settlement offer from the date of the offer until the date of trial.

We do not intend to expand the limits of the evidentiary rules, nor do we imply that such rules be disregarded. Proper practice requires that the factual requisites of section 5069–1.05 be established by some form of competent evidence in the record. This case, however, presents an unusual fact situation in which no party denies the factual basis on which prejudgment interest should be tolled. We do not suggest that

rule 74(f) be applied in any other than an extremely cautious manner and on exceptionally rare occasions.

We sustain defendants' sole point of error, reverse the judgment, and remand the cause for further proceedings consistent with this opinion.

MIRABAL, J., requested a vote to determine if the cause should be heard en banc, TEX.R.APP.P. 79(d), (e), in which DUNN, J., joined.

OLIVER–PARROTT, C.J., and BASS, DUGGAN, COHEN, O'CONNOR, WILSON, and HEDGES, JJ., voted against en banc consideration.

MIRABAL, J., dissented from the denial of en banc consideration and filed an opinion.

### DISSENTING OPINION FOLLOWING OVERRULING OF MOTION FOR HEARING EN BANC

MIRABAL, Justice, dissenting.

I dissent from the opinion of the three-judge panel that was assigned to this case.[1]

The majority opinion states:

Defendants failed, however, to provide competent evidence to establish the fact that prejudgment interest was tolled. There are no stipulations or affidavits in the record, and there was no post judgment hearing to adduce evidence on the proper amount of prejudgment interest.

. . . .

Proper practice requires that the factual requisites of section 5069–1.05 be established by some form of competence evidence in the record.

Having said that, the majority *still* holds the trial court erred when it rendered its judgment that states in part:

IT IS FURTHER ORDERED that Defendants are not entitled to offsets of prejudgment interest pursuant to V.T.C.A. Article 5069–1.05, § 6(b) AND 6(c), as

---

**1.** In accordance with TEX.R.APP.P. 79(e) and 90(e), a request was made for an en banc consideration of the case. The request was denied

Defendants waived their rights to the offset by not pleading same in preceding pleadings, *and no evidence was introduced in the record....* (Italicized portion represents hand printed insert into judgment).

The majority bases its conclusion that *the trial court erred* on the following statement *in appellant's brief:* "On April 29, 1991, more than one year before trial, Defendants offered, in writing, the sum of $14,000 to Plaintiff in settlement of her claim for damages." It is true that plaintiff, in her appellee's brief and during argument, did not deny the truth of this statement. However, plaintiff argued both in the trial court, and throughout her brief on appeal, that defendants *failed to prove in the trial court* that a pretrial settlement offer had been made. Plaintiff specifically challenged defendants' statement of the evidence by pointing out *the lack of any evidence in the trial court* of a settlement offer.

In my opinion, the majority has improperly applied TEX.R.APP.P. 74(f) to allow an appellant to prove a material fact for the first time on appeal, in the face of a specific complaint by the appellee that the appellant failed to meet its burden of proof in the trial court, and in the face of a specific finding by the trial court that "no evidence was introduced in the record."

I cannot agree that we can properly reverse a trial court's judgment that, everyone agrees, was correct because of the absence of evidence in the record at the time of the trial court's ruling, *just because* on appeal, the losing party for the first time presents us with a statement of the missing, relevant evidence, especially when the appellee specifically points out to us that the appellant failed to prove the matter in the trial court.

I would overrule the sole point of error and affirm the trial court's judgment.

by a majority of the en banc court. I dissent from that vote and from the opinion in the case.