Affirmed and Memorandum Opinion filed July 14, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00823-CV



 

Phillip Michelsen, Appellant

V.

LoUrel Jones, Jr., Appellee

 



On Appeal from the 133rd
District Court

Harris County, Texas

Trial Court Cause No. 2004-11947



 

MEMORANDUM  OPINION

 

This appeal arises from a car accident involving
appellant Phillip Michelsen and appellee Lourel Jones, Jr.  In conformity with
the jury’s verdict, the trial court signed a judgment awarding Jones $32,500 in
damages for past medical expenses, lost earning capacity, pain, suffering, and
mental anguish.  We affirm.

BACKGROUND

Michelsen hit Jones’s vehicle from behind in 2002,
allegedly injuring Jones’s back and neck.  Jones sued Michelsen, alleging that
(1) Michelsen was responsible for causing the collision and Jones’s resulting
injuries; and (2) Jones suffered damages for medical expenses, lost earning
capacity, physical impairment, pain, suffering and mental anguish.  Michelsen
admitted liability for the collision, but claimed that the collision did not
cause Jones’s injuries.    

Harris County intervened, allegedly seeking
reimbursement from Michelsen for worker’s compensation benefits paid to Jones
after the collision.[1] 
See Tex. Lab. Code Ann. § 417.001(b) (Vernon 2006) (“If a benefit is
claimed by an injured employee or a legal beneficiary of the employee, the
insurance carrier is subrogated to the rights of the injured employee and may
enforce the liability of the third party . . . .  The insurance carrier’s
subrogation interest is limited to the amount of the total benefits paid or
assumed by the carrier to the employee or the legal beneficiary . . . .”).  Michelsen
paid Harris County $1,716.48 to release Michelsen from “any and all claims”
related to the alleged “worker[’s] compensation lien” created when Harris
County paid these benefits to Jones.  Harris County subsequently non-suited its
claims against Michelsen.

The issues of causation and damages were tried to a
jury.  The jury awarded Jones $15,000 for past medical expenses, $15,000 for
past lost income, and $2,500 for past pain, suffering and mental anguish.  The trial
court signed a judgment in conformity with the jury’s findings.  Michelsen
filed a timely motion to modify the final judgment, which the trial court
denied.  

Michelsen appeals, arguing that the trial court erred
in denying his motion to modify the final judgment because (1) the trial court
was required to “offset” Jones’s damages award based on his assertion that
Harris County compensated Jones for all his past medical expenses and lost
income; (2) the one satisfaction rule prevents Jones from recovering damages
that allegedly were compensated by Harris County; and (3) the judgment awards
pre-judgment interest “without consideration of the tolling for settlement
offers.”

ANALYSIS

We review a trial
court’s denial of a motion to modify a final judgment for abuse of discretion. 
See Wagner v. Edlund, 229 S.W.3d 870, 879 (Tex. App.—Dallas 2007, pet.
denied); Ferguson v. Naylor, 860 S.W.2d 123, 127 (Tex. App.—Amarillo
1993, writ denied).  A trial court abuses its discretion when it acts in an
arbitrary or unreasonable manner, or if it acts without reference to any
guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241–42 (Tex. 1985).   

I.         Settlement between
Michelsen and Harris County

Michelsen argues in his first two issues that the
trial court should have modified the judgment by reducing or eliminating Jones’s
damages for past medical expenses and lost earning capacity.  Michelsen’s
arguments are based on his assertion that Harris County (1) paid benefits to
compensate Jones for his past medical expenses and lost earning capacity; (2) consequently
had a subrogated claim against Michelsen for recovery of Jones’s damages and reimbursement
for paid benefits; and (3) settled this claim and assigned all subrogation and reimbursement
rights to Michelsen.  

A.        Settlement Credit

Michelsen argues in his first issue that the trial
court should have applied a “settlement credit” to reduce or eliminate Jones’s
damages award.  None of the authorities cited by Michelsen in support of this
argument on appeal are applicable.  See Utts v. Short, 81 S.W.3d 822,
829–30 (Tex. 2002); Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 926–29
(Tex. 1998); Oyster Creek Fin. Corp. v. Richwood Inv. II, Inc., 176
S.W.3d 307, 326–28 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); Tex.
Capital Sec., Inc. v. Sandefer, 108 S.W.3d 923, 926–27 (Tex. App.—Texarkana
2003, pet. denied).      

Michelsen’s “settlement credit” argument is
predicated on his assertion that Harris County paid worker’s compensation
benefits to Jones after the collision, and that Michelsen paid Harris County to
release its reimbursement claim against him.  The cases cited by Michelsen
would support his claim for a “settlement credit” only if he argued that (1) Jones
benefitted from settlement proceeds Michelsen paid to Harris County; or (2)
Jones received settlement proceeds from another defendant who had been
potentially liable for the same injuries caused by Michelsen.  See Utts,
81 S.W.3d at 829–30 (non-settling defendant seeking settlement credit based on
assertion that a non-settling plaintiff benefitted from the settlement proceeds
of another plaintiff’s settlement must prove such an assertion); Ellender,
968 S.W.2d at 920, 926–27 (analyzing non-settling defendant’s claim for
settlement credit based on amount of proceeds paid by joint tortfeasors); Oyster
Creek, 176 S.W.3d at 326–29 (trial court did not abuse its discretion in
applying settlement credit to non-settling defendant’s damages pursuant to “one
satisfaction rule” because plaintiff’s causes of action against settling and
non-settling defendants were based on a single injury to plaintiff; distinguishing
authorities holding that defendant cannot obtain a “settlement credit” based on
compensation by non-defendant third parties because these cases “involve third
parties who[m] the plaintiff had never sued”); Sandefer, 108 S.W.3d at
926–27 (analyzing non-settling defendant’s claim for settlement credit based on
amount of settlement proceeds paid by joint tortfeasor); see also Tex.
Civ. Prac. & Rem. Code Ann. § 33.012(b), (e) (Vernon 2008) (“If the claimant
has settled with one or more persons, the court shall . . . reduce the amount
of damages to be recovered by the claimant . . . by the sum of the dollar
amount of all settlements . . . .  This section shall not apply to benefits
paid by or on behalf of an employer to an employee pursuant to workers’
compensation insurance coverage . . . .”).    

Even if Michelsen had based his argument on an
alternative theory and properly supported it with relevant authority on appeal,
he cannot show entitlement to relief.  To claim an offset based on benefits
paid by Harris County, or to seek reimbursement as an assignee of Harris
County, Michelsen had the burden to prove the amount Harris County allegedly
paid in benefits to Jones.  See, e.g., Brown v. Am. Transfer &
Storage Co., 601 S.W.2d 931, 936 (Tex. 1980) (“The right of offset is an
affirmative defense.  The burden of pleading offset and of proving facts
necessary to support it are on the party making the assertion.”); Taylor v.
Am. Fabritech, Inc., 132 S.W.3d 613, 626–28 (Tex. App.—Houston [14th Dist.]
2004, pet. denied) (claim for offset does not violate collateral source rule as
against employer when plaintiff receives benefit from insurance purchased
primarily to protect employer; claim for offset was supported by evidence showing
that certain checks issued by employer’s insurance carrier were spent for
plaintiff’s medical needs); Lege v. Jones, 919 S.W.2d 870, 873–74 (Tex.
App.—Houston [14th Dist.] 1996, no writ) (subrogee had burden to prove the
worker’s compensation benefits it paid to the claimant in order to recover them
from tortfeasors).  Michelsen failed to meet this burden.[2] 


Michelsen made only one statement regarding proof of the
alleged payment of benefits in his motion to modify the final judgment: “During
trial [Jones] testified his surgery and income were ultimately paid by his
worker’s compensation carrier.”  For two reasons, there is less to this
statement than meets the eye.  

First, Jones’s testimony regarding worker’s
compensation benefits was developed as an offer of proof and was not admitted
at trial; Michelsen does not argue on appeal that it should have been admitted. 
Second, Jones testified only that (1) he “believed” that Harris County paid
medical bills from one of several treating physicians, but he did not identify
an amount; and (2) his “time off” after his surgery was “filed under worker’s
comp,” but he couldn’t remember if Harris County paid for his lost income.  Based
on this testimony alone, the trial court did not abuse its discretion in denying
Michelsen’s motion.[3] 
See Wagner, 229 S.W.3d at 879; Ferguson, 860 S.W.2d at 126–27.  

We overrule Michelsen’s first issue.  

B.        One Satisfaction Rule

Michelsen argues in his second issue that the trial
court should have reduced or eliminated Jones’s damages award pursuant to the
one satisfaction rule.  A plaintiff is entitled to only one recovery for the
same loss.  See Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 303
(Tex. 2006); Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 390 (Tex. 2000). 
The one satisfaction rule “applies when multiple defendants commit the same
act” or “technically different acts that result in a single injury.”  Crown
Life, 22 S.W.3d at 390.  This rule is not applicable here because Michelsen
and Harris County are not joint tortfeasors alleged to have both caused injury
to Jones.  

We overrule Michelsen’s second issue.

II.        Pre-Judgment
Interest

Michelsen argues in his third issue that the trial
court should have granted his motion to modify the final judgment because the judgment
“does not contain the dates upon which the pre-judgment interest is to be
calculated” and “award[s] prejudgment interest without consideration of the
tolling for settlement offers.”

 Michelsen’s complaint on appeal is based on his
assertion that he offered Jones a settlement on October 8, 2004, and that this
open-ended settlement offer tolled the accrual date for pre-judgment interest
on the amount of the offer under section 304.105(b) of the Texas Finance Code. 
See Tex. Fin. Code Ann. § 304.105(b) (Vernon 2006).  Michelsen does not
cite any evidence in the record that proves the existence of such a settlement
offer.  See Quality Beverage, Inc. v. Medina, 858 S.W.2d 8, 11 (Tex.
App.—Houston [1st Dist.] 1993, no writ) (defendant failed to provide competent
evidence to establish that a settlement agreement tolled accrual of pre-judgment
interest because “[t]here are no stipulations or affidavits in the record, and
there was no postjudgment hearing to adduce evidence on the proper amount of
prejudgment interest”).[4] 
The trial court did not abuse its discretion in denying Michelsen’s motion.  See
Wagner, 229 S.W.3d at 879; Ferguson, 860 S.W.2d at 126–27.

We overrule Michelsen’s third issue.

CONCLUSION

Having overruled all of Michelsen’s issues on appeal,
we affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Boyce.

 









[1]
Harris County’s petition in intervention does not appear in the record on
appeal.





[2]
Michelsen argues that placing the settlement release into the record satisfied
his burden of proof to show that he, as a “nonsettling party,” has a right to a
settlement credit.  See Ellender, 968 S.W.2d at 927.  He contends
that the burden then shifted to Jones to “prove the medical expenses and
indemnity payments were not provided” by Harris County.  See Utts, 81
S.W.3d at 829–30.  Because Michelsen bases this argument on the same
inapplicable case law, we reject Michelsen’s argument that the burden of proof
shifted to Jones to disprove the payment of benefits by Harris County.





[3]
Michelsen claims for the first time on appeal that “[t]he workers [sic]
compensation records . . . clearly show the surgery and lost income was [sic]
resubmitted to the TWCC.”  Michelsen cites to more than 700 pages of worker’s
compensation records in the record as support for this contention.  We have no
duty to search a voluminous record without more specific guidance from
appellant to determine whether an assertion of reversible error is valid.  See
Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 305 (Tex. App.—Houston [14th
Dist.] 1995, no writ); see also Tex. R. App. P. 38.1(i) (“The brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.”).      





[4]
Quality Beverage nonetheless sustained the defendant’s issue regarding
tolled accrual of pre-judgment interest because the defendant’s statement in
its brief regarding the settlement offer “was uncontroverted by plaintiff in
her brief and was confirmed in oral argument,” and the trial court acknowledged
tolling of pre-judgment interest.  See Quality Beverage, 858 S.W.2d at
11 (“Rule 74(f) of the Texas Rules of Appellate Procedure provides that ‘[a]ny
statement made by appellant in his original brief as to the facts or the record
may be accepted by the court as correct unless challenged by the opposing
party.’”); see also Tex. R. App. P. 38.1(g) (current version of former
Rule 74(f); “In a civil case, the court will accept as true the facts stated
unless another party contradicts them.”).  In doing so, the court noted: “We do
not intend to expand the limits of the evidentiary rules, nor do we imply that
such rules be disregarded. . . .  This case, however, presents an unusual fact
situation in which no party denies the factual basis on which prejudgment
interest should be tolled.  We do not suggest that rule 74(f) be applied in any
other than an extremely cautious manner and on exceptionally rare occasions.”  Quality
Beverage, 858 S.W.2d at 11–12.  We do not believe such an “exceptionally
rare occasion” exists to do the same here.  See id.