981 S.W.2d 728 (1998)
FIREFIGHTERS' & POLICE OFFICERS' CIVIL SERVICE COMMISSION OF THE CITY OF HOUSTON, Appellant,
v.
Fernando HERRERA, Lanny Armstrong, George Beutell, Jeffrey Boles, Donald Borick, Brian Burgess, John Campbell, Christopher Chavez, James Cooney, R.L. Crenek, Gary Dullye, Jerome Edwards, Paul Gray, Robert Grimes, Coby Hamilton, Larry Herrin, Donny Holcomb, Doyle Johnson, John Joseph, J. Kelley, Philip Martin, Clyde Mathison, Leo Mays, Harold McDonald, Daniel Moore, Jose Morales, Wayne Murphy, Charles Neal, Mark Palmer, Glenn Pangarankis, Roy Paul, William Payne, Thomas Ponce, K. Rainey, Robert Roberts, P. Rouse, W.L. Sheffield, Douglas Sherber, John Smith, R.L. Stewart, Jerry Swanson, Chris Thomas, Michael Thorp, James Walker, Edwin Walley, Blake White, Johnny Wolfe, and Larry Woodward, Appellees.
No. 01-96-01588-CV.
Court of Appeals of Texas, Houston (1st Dist.).
August 31, 1998.
Rehearing Overruled December 7, 1998.
*731 Eugene Jones, Houston, Vincent L. Marable, III, Wharton, E. Troy Blakeney, Houston, for appellants.
Marcus Dobbs, Houston, for appellees.
Before O'CONNOR, TAFT, and SMITH,[*] JJ.

OPINION
O'CONNOR, Justice.
We are asked to decide if the trial court correctly granted a group of firefighters the right to be retroactively promoted and to receive back pay.
The Firefighters' & Police Officers' Civil Service Commission of the City of Houston contends the trial court (1) had no jurisdiction to hear the appeal of any of the plaintiffs except the appeals of the five original grievants; (2) misinterpreted the local government code; (3) erred in awarding back pay, or, alternatively, in awarding back pay to two unqualified plaintiffs; (4) erred in permitting the firefighters to submit a post-trial amendment pleading for prejudgment interest; (5) should have awarded 6% prejudgment interest, if any, not 10%; (6) should have offset wages earned; and (7) should not have awarded contingency attorney's fees without a showing that they were reasonable and necessary.
We affirm in part and reverse and remand in part.

Facts
A vacancy in the fire department is filled from within the department, by choosing an individual from an eligibility list created from employees who have passed an examination for the position. At the time of the contested vacancies, the list expired in a year, and employees seeking promotion were required to retest.
During the 1980's, the fire chief was reducing the size of the department. One of the methods he used was to leave a vacant position unfilled until an eligibility list expired, then determine whether to abolish the position or authorize a new test. As a result of this practice, and also because the testing department itself was reduced to one person, testing was delayed indefinitely for some positions. A number of positions went unfilled for years.
Five employees filed a grievance with the Commission, but it was denied. At the final hearing before the Commission, the chairman of the union's grievance committee informed the Commission that his clients were filing grievances on behalf of their fellow firefighters. The Commission offered no objection. The fire chief told the representative it would be futile for other firefighters to file grievances. Joined by another 40 employees, the five appealed the denial to the district court. After a hearing, the district court awarded retroactive promotion, back pay, interest, and attorney's fees to 30 of the employees. In support of the award, the court made 54 findings of fact and seven conclusions of law. The Commission has not challenged any of the findings of fact.

Jurisdiction
In point of error one, the Commission contends the trial court did not have jurisdiction *732 over any of the plaintiffs except the original five employees who filed a grievance and who timely appealed the Commission's final denial.
1. Administrative Remedies
Grievance actions filed by firefighters are governed by the Local Government Code and encompass four steps. To begin an action, a firefighter files a step I written grievance with his department head. If the department head offers a proposed solution which is not acceptable to the firefighter, the firefighter may file a step II grievance with a departmental grievance counselor within five days of an unfavorable decision. A meeting is held between the firefighter, his superiors, and the counselor. If the meeting results in a proposed solution that is not acceptable to the firefighter, the firefighter may complete a step III grievance form and file it with the director within 10 days. A hearing examiner conducts an informal administrative procedure at which evidence is submitted and witnesses are examined under oath. If the examiner's proposed solution is unacceptable to either the firefighter or the department head, either party may file a step IV grievance form with the Commission within 10 days. The Commission reviews the findings and the transcript of the administrative hearing and bases its decision solely on these. Its decision is final. See TEX. LOCAL GOV'T.CODE §§ 143.127143.134. Within 10 days of receiving the final decision from the Commissioner, the firefighter may appeal to district court if he is dissatisfied with the commission's decision. TEX. LOCAL GOV'T.CODE § 143.015.
When the legislature has provided a method of administrative review, as it has here, a complainant must first exhaust his administrative remedies before filing suit. Pedraza v. Tibbs, 826 S.W.2d 695, 699 (Tex. App.-Houston [1st Dist.] 1992, writ dism'd w.o.j.). The original five grievants did so, and timely appealed the Commission's decision to the district court. Among others, the trial court made the following findings of fact and conclusions of law concerning the status of the five original grievants as representatives of similarly situated firefighters:
1. That the initial grievance filed by [the original five plaintiffs] was filed not only for themselves but on behalf of anyone else who was on an eligibility list that the grievance might affect.
2. That the plaintiffs timely appealed the decisions of the Civil Service Commission to the District Court.
51. That the City of Houston Fire Department agreed to have this case affect all members of the Fire Department who were similarly affected.
52. That the plaintiffs are not required to file individual grievances since the City of Houston had agreed to allow this to affect all promotional lists.
The Commission did not challenge these findings of fact. Unchallenged findings are binding on the parties and on this Court. Cushnie v. State Bar of Texas, 845 S.W.2d 358, 360 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Based on these unchallenged findings of fact, we hold the additional appellants could join the five plaintiffs who utilized the grievance procedure on behalf of themselves and other employees similarly situated.
2. Group Grievances
The Commission argues that because the Houston ordinance does not explicitly grant the right to a group grievance, one could not be lodged. We do not agree that because the ordinance is silent, the employees were prohibited from bringing a group grievance. Various courts have held that public employees may present grievances individually or as a group. See Sayre v. Mullins, 681 S.W.2d 25, 28 (Tex.1984); Lubbock Prof'l Firefighters v. City of Lubbock, 742 S.W.2d 413, 418 (Tex.App.-Amarillo 1987, writ ref'd n.r.e.) (firefighters entitled to collectively present grievances); see also International Ass'n of Firefighters, Local 399 v. City of Beaumont, 610 S.W.2d 543, 544 (Tex. Civ.App.-Beaumont 1980, no writ) (two members of firefighter's union sued city on behalf of all Beaumont firefighters). The firefighters were entitled to file a group grievance.
We overrule point of error one.

*733 Construction of Local Government Code
In point of error two, the Commission argues the trial court misconstrued section 143.108(b) of the Local Government Code.[1] Former section 143.108(b), which applies in this case, provided:
If an eligibility list exists on the date a vacancy occurs, the vacancy shall be filled by permanent appointment from the eligibility list furnished by the commission within sixty (60) days after the date the vacancy occurs. If an eligibility list does not exist, the vacancy shall be filled from an eligibility list that the commission shall provide within ninety (90) days after the date the vacancy occurs.
The trial court interpreted this to mean the Commission was required to fill vacant positions within 90 days, if there was no existing eligibility list. The Commission claims it had 90 days to create the list, then another 60 days to fill the vacancy. The Commission asks us to interpret the second sentence to mean "shall provide within 90 days" rather than "shall be filled ... within 90 days." When the legislature amended this section in 1997, it clarified it to mean the Commission had only 95 days to fill the position, although it could take up to 90 days to develop an eligibility list. See TEX. LOCAL GOV'T CODE § 143.108(b) (1997).
The Commission has asked us to take judicial notice of the legislative history of the 1991 amendments, which we do. We recognize that, in rare instances, it may have been virtually impossible for the Commission to fill a vacancy within 90 days while honoring the requirement that the examination source material be posted for 90 days before the examination was given. However, we do not consider this sufficient reason to construe the statute as the Commission asks, particularly because the source materials could have been generally posted at any time up to a year before an examination was offered.
We hold the trial court did not err when it construed the statute to require the Commission to fill vacancies within 90 days, not 150 days.
We overrule point of error two.

Back Pay
In point of error three, the Commission argues the city should not be liable for retroactive remedies or back pay awards that were not enacted by the legislature until 1991. It contends the firefighters' only remedy before the 1991 amendments was a writ of mandamus ordering the city to hold the test, and argues there was no legal basis for back pay.
When a city does not fill a vacant position in accordance with the Civil Service Act, the officers or firefighters who properly should have obtained such jobs are entitled to retroactive promotion and back pay. Lee v. Downey, 842 S.W.2d 646, 649 (Tex.1992); see also Michna v. City of Houston, 521 S.W.2d 331, 335 (Tex.Civ.App.-Houston [1st Dist.] 1975, no writ) (holding firefighters were entitled to back pay because position not filled within 90 days of vacancies).
The Commission argues that because the cases dealing with retroactive promotion and back pay involve employees who were already on an eligibility list, they are inapplicable here. It cites Klinger v. City of San Angelo, 902 S.W.2d 669, 677 (Tex.App.-Austin 1995, writ denied), in support of the proposition that the firefighters have no remedy. The Klinger opinion does not support the Commission's argument. Although the Klinger opinion acknowledged there was no statutory penalty when a city violated its obligation to administer an examination and create a list within 90 days, it did not hold that retroactive promotion or back pay was barred. See id. The court noted that Klinger's ability to complain about the city's failure to administer a timely exam or demonstrate he was "entitled to retroactive promoting and attendant benefits" depended upon his ability to show he was eligible to take the examination. Id. at 674. Because *734 the court determined he was not eligible, the complaint was moot. Id. at 675.
We hold that the firefighters who were eligible to take the promotional examination were entitled to retroactive promotion and back pay from the 90th day after each vacancy was left unfilled, even though no eligibility list was timely developed.
We overrule point of error three.

Ineligible Applicants
In point of error four, the Commission contends the trial court erred in awarding Harold McDonald back pay. The trial court found that the vacancy for McDonald's position occurred on July 22, 1986 but he was not promoted until December 22, 1990, and awarded him back pay of $35,906.78 plus interest. The Commission argues McDonald was not eligible to take the promotional examination until October 1990. McDonald was hired on July 19, 1986 as a Pipe and Ladderman. On July 19, 1990, he had served four years in the department. Based on the Commission's posted examination qualifications,[2] McDonald was not eligible to take the examination until that date. The firefighters argue that McDonald's eligibility to test is irrelevant because the city violated its mandatory duty to fill vacant positions, and it would encourage them to leave positions vacant in the future. We do not agree. The city's duty extends to promoting eligible employees, not ineligible ones. Klinger, 902 S.W.2d at 674.
The trial court determined the amount of back pay owed McDonald by calculating the number of pay periods that had elapsed since the 90th day of the vacancy date, and multiplying that number by a weighted rate of pay differential factor of $329.42 per pay period. However, there were fewer than six elapsed pay periods from McDonald's date of eligibility to the date of his promotion.
We sustain point of error four and remand this portion of the judgment to the trial court to recalculate the amount due McDonald by basing it on the pay periods from July 19, 1990 to December 22, 1990.
In point of error five, the Commission argues the trial court erred in awarding back pay to Jimmy C. Kelly, based on the same argument it made in regard to McDonaldineligibility to take the examination. The trial court found that the vacancy for Kelly's position occurred on July 4, 1986 but he was not promoted until December 22, 1990, and awarded him back pay of $25,454 plus interest. Kelly was hired in 1976 as a Pipeman and Ladderman, and had four years of experience with the department by 1980. Although the Commission contends Kelly was not eligible to take the mechanic's exam until 1989, he was eligible to take it on July 24, 1987, when the Commission initially changed the qualifications to permit Pipe and Laddermen to take the exam.
Because Kelly was not eligible for promotion until that time, we sustain point of error five. We remand this portion of the judgment to the trial court to recalculate the amount due Kelly by basing it on the pay periods from July 24, 1987 to December 22, 1990.

Prejudgment Interest
In point of error six, the Commission contends the trial court abused its discretion in allowing the firefighters to amend their pleadings to seek prejudgment interest, more than two months after final judgment was entered. Both the findings of fact and the judgment included awards for prejudgment interest, but there were no pleadings to support the award. While it still had plenary power, the trial court vacated its judgment, granted leave to file the motion, then rendered judgment including prejudgment interest.
In Benavidez v. Isles Construction Co., 726 S.W.2d 23, 26 (Tex.1987), the supreme court noted that the recovery of prejudgment interest requires no evidentiary proof. Thus, when a party moves to amend its pleading to include prejudgment interest, the amendment *735 cannot cause surprise or prejudice to the opposing party. Id. The court held the trial court had abused its discretion by refusing to permit the plaintiff to file a post-verdict trial amendment. Id. For the same reason, the trial court here did not abuse its discretion in permitting the firefighters to amend their pleadingthere was no surprise or prejudice to the Commission.
We overrule point of error six.
In point of error seven, the Commission argues the rate of prejudgment interest, if any, should have been 6%, not 10%, based on article 5069-1.03 of the Texas Revised Civil Statutes.[3] The supreme court recently clarified that issue in Great American Insurance Co. v. North Austin M.U.D. No. 1, 950 S.W.2d 371, 373 (Tex.1997). The court held that article 5069-1.03 applies when calculating prejudgment interest even if extrinsic evidence is needed to quantify contract damages, so long as the contract fixes a measure by which the sum payable can be ascertained with reasonable certainty in light of the attending circumstances. Id. The court specifically disapproved of those court of appeals opinions cited by the firefighters that hold article 5069-1.03 cannot be applied when resort to extrinsic evidence to determine damages is necessary. Id.
Firefighter salaries are set by ordinance, and both the number of pay periods and the weighted differential can be ascertained with reasonable certainty. Accordingly, the trial court should have applied article 5069-1.03.
We sustain point of error seven and remand this portion of the judgment to recalculate the award of prejudgment interest at a rate of 6%.

Offsetting Wages
In point of error eight, the Commission contends the trial court erred in not offsetting the wages earned by the firefighters. It argues that certain of the firefighters were already receiving a higher rate of pay ("riding up") because they were working a shift when there was a vacancy in a higher rank or an absent worker of a higher rank, and should not be allowed a double recovery. The firefighters rebut this by arguing that these employees would have been able to ride up in any event. The firefighters had no affirmative duty to prove the wages should not be offset or to provide an accounting of higher wages paid as part of a "ride up."
The Commission does not cite any statutory basis for its argument that it is entitled to offset these wages. It did not seek any offsets in its pleadings, nor did it submit a trial amendment on the issue. Accordingly, it has waived its right to complain about this on appeal. TEX.R.APP.P. 33.1.
We overrule point of error eight.

Attorney's Fees
Attorney's fees are authorized by section 143.015 of the Texas Local Government Code. As a threshold matter, we note that those plaintiffs who did not follow the grievance procedure are not entitled to the statutory award of attorney's fees, and our analysis applies only to the five plaintiffs who appealed from denial of their grievance.
In points of error nine and 10, the Commission contends the trial court erred in awarding attorney's fees because a one-third contingency fee was unreasonable and not supported by the evidence. In support, it relies principally upon Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812 (Tex.1997). The firefighters argue that Arthur Andersen is inapplicable because this was a bench trial and the judge was aware of the potential recovery when he awarded attorney's fees.
Arthur Andersen complained that an award of contingency fees under a fee-shifting statute like the DTPA forces defendants to pay fees unrelated to the amount of work performed. Id. at 818. The court noted that while this is not always true, shifting such fees to the defendant could be a problem because a contingent fee award based solely on evidence of a percentage fee agreement between a lawyer and client may be determined without regard to many of the factors *736 that should be considered when determining reasonableness. Id. The court said:
While we do not doubt that many plaintiffs must contract for a contingent fee to secure the services of a lawyer, we do not believe that the DTPA authorizes the shifting of the plaintiff's entire contingent fee to the defendant without consideration of the factors required by the Rules of Professional Conduct. A contingent fee may indeed be a reasonable fee from the standpoint of the parties to the contract. But, we cannot agree that the mere fact that a party and a lawyer have agreed to a contingent fee means that the fee arrangement is in and of itself reasonable for purposes of shifting that fee to the defendant.
Id. at 818.
Although the court noted that a party's contingent fee agreement should be considered by the factfinder and is therefore admissible in evidence, it also said that agreement cannot alone support an award of attorney's fees. Id. The court held that to recover attorney's fees under the DTPA, a plaintiff must prove that the amount of fees was both reasonably incurred and necessary to the prosecution of the case at bar. Id. Here, we are also dealing with a case in which fees are shifted by statute to the Commission. Accordingly, we hold that the firefighters were not relieved of their burden to prove the fees were reasonable and necessary.
We sustain points of error nine and 10. We remand this portion of the judgment to the trial court so that it may segregate attorney's fees for Fernando Herrera, Edwin Walley, Lanny Armstrong, Jerry Swanson, and Donny Holcomb, and ascertain if those fees were reasonable and necessary. Although we have held the court had jurisdiction to join the additional plaintiffs, attorney's fees for the remaining firefighters may not be shifted to the Commission because fees are authorized by section 143.015 only when a plaintiff has appealed a final order of the Commission to district court.
We affirm in part and reverse and remand in part.
En banc consideration was requested.
A majority of the Court voted to overrule the request for en banc consideration.
Justice HEDGES dissenting from the overruling of the request for en banc consideration.

DISSENTING OPINION FROM OVERRULING OF REQUEST FOR EN BANC REVIEW
HEDGES, Justice, dissenting.
I respectfully dissent. I agree that the plaintiffs are required to exhaust their administrative remedies before the district court has subject matter jurisdiction over the controversy. What this court has done is to allow those parties to confer jurisdiction by agreement as to those parties who did not follow the grievance procedure (the "noncomplying plaintiffs").
The majority believes that by stipulation with the Commission, the noncomplying plaintiffs bootstrapped themselves into district court because "[t]he City of Houston Fire Department agreed to have this case affect all members of the Fire Department who were similarly situated." This agreement cannot and does not confer subject matter jurisdiction on the district court as to the non-complying plaintiffs. Parties cannot create subject matter jurisdiction where there is no statutory, common-law, or constitutional basis for it. See Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 478 (Tex.1993) (J. Gammage, dissenting). In this case, as to the non-complying parties, there was no such basis.
Nor do I believe that the complying plaintiffs are authorized to act as representatives or agents for the noncomplying plaintiffs. I know of only one avenue whereby a party or parties are authorized to act as representatives of a larger group of plaintiffs: class actions. See TEX.R.CIV.P. 42. Clearly, that procedure was not followed in this case.
If the Fire Department's agreement was merely contractual, that is that it would treat the noncomplying plaintiffs in accordance with the disposition of the case brought by *737 the complying plaintiffs, then fundamental jurisprudence is not offended. The noncomplying plaintiffs would have a contractual right to certain treatment, which they could enforce in a separate suit once the right matured. But the district court does not have subject matter jurisdiction to adjudicate the rights of the noncomplying plaintiffs in this lawsuit.
Nor am I persuaded that the fact that no party challenged the finding of fact is at all relevant. If there is no subject matter jurisdiction, the issue can be raised at any time, with or without objection. See Texas Ass'n of Business, 852 S.W.2d at 445.
NOTES
[*] The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.
[1] Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 143.108(b), 1987 Tex.Gen.Laws 707, 912, amended by Act of May 22, 1991, 72d Leg., R.S., ch. 870, § 1, 1991 Tex.Gen.Laws 2979. The code was amended in 1991, but provided that the changes applied only to vacancies occurring after the effective date of the Act.
[2] Defendant's Exhibit 8, an examination announcement for the position of mechanic, shows the qualifications for eligibility to take the test as "All Firefighters who have ever held the position of Pipeman and Ladderman for two (2) years or more and who have four (4) years actual service in the Houston Fire Department are eligible ."
[3] See Act of May 24, 1979, 66th Leg., R.S., ch. 707, § 1, 1979 Tex.Gen.Laws 1718, 1718 (now codified at TEX.FIN.CODE ANN. § 302.002 (VERNON 1998)). The substance is unchanged.