Opinion Issued November 7, 2002






 








In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00818-CV






U.S.A. PRECISION MACHINING CO., Appellant


V.


WILLIAM S. MARSHALL, Appellee


 * * *


WILLIAM S. MARSHALL, Appellant


V.


U.S.A. PRECISION MACHINING CO., Appellee










On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 1999-14194






O P I N I O N

 Appellant, U.S.A. Precision Machining Co., appeals a jury verdict that U.S.A.
Precision breached a commission agreement with appellee, William S. Marshall. In
U.S.A. Precision's appeal, we address (1) whether the trial court erred in excluding
evidence of Marshall's prior murder conviction that had been set aside upon motion
for new trial and (2) whether U.S.A. Precision preserved its complaint that the
evidence is legally and factually insufficient to support the jury's implied finding that
any agreement existed between the parties. In Marshall's appeal, we address whether
the trial court's reduction of the jury's award of attorney's fees, apparently based on
a contingency-fee agreement, was an abuse of discretion. We reverse that portion of
the judgment in which the trial court remitted attorney's fees, modify the judgment
to reinstate the jury's award of attorney's fees, and affirm the trial court's judgment
as so modified. 

Facts

 Marshall was employed as a machinist at U.S.A. Precision from June 1997 until
February 1999 and was paid a commission for each job. After Marshall noticed he
had received different commissions on nearly identical jobs, he sued U.S.A. Precision
for breach of contract. U.S.A. Precision counterclaimed against Marshall for breach
of contract, seeking the amount U.S.A. Precision had overpaid Marshall in
commissions and the value of certain uniforms Marshall had failed to return at the
termination of his employment. 

 The suit was tried to a jury, which returned a verdict that U.S.A. Precision
breached the commission agreement. The jury awarded Marshall $54,953.00 in
unpaid commissions and $29,478.50 in attorney's fees. U.S.A. Precision filed a
unified motion for judgment notwithstanding the verdict, for judgment disregarding
jury findings, and for remittitur. The trial court granted only the motion for remittitur
and reduced the award of attorney's fees to $21,966.40, apparently based on the
contingency agreement between Marshall and his attorney. 

U.S.A. Precision's Appeal

 In two points of error, U.S.A. Precision argues (1) the trial court erred in
excluding evidence of Marshall's prior murder conviction and (2) the evidence is
legally and factually insufficient to support the jury's implied finding that any
agreement existed between the parties. 




 Exclusion of Evidence of Marshall's Conviction


 In its first point of error, U.S.A. Precision claims it was entitled to introduce
evidence of Marshall's prior murder conviction for two reasons: (1) to impeach
Marshall's credibility for truthfulness pursuant to Texas Rule of Evidence 609 and
(2) to clarify the false impression Marshall created by testifying that he was
continuously employed and living with his parents during the time he was actually
incarcerated. 

 
 Standard of Review
 


 The decision to admit evidence rests within the discretion of the trial court. 
E.I. du Pont de Nemours & Co., Inc. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995). 
The test for abuse of discretion is whether the trial court acted without reference to
any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). A reviewing court cannot conclude that a trial court abused
its discretion just because, in the same circumstances, the reviewing court would have
ruled differently or because the trial court committed a mere error in judgment. Loftin
v. Martin, 776 S.W.2d 145, 146 (Tex. 1989). 


 Rule 609


 U.S.A. Precision contends it was entitled to introduce evidence of Marshall's
prior conviction to impeach Marshall's credibility for truthfulness. U.S.A. Precision
also argues the trial court abused its discretion by excluding evidence of Marshall's
prior conviction without enunciating reasons for the exclusion. 

 Convictions for crimes involving felonies may be admissible in civil cases to
impeach a witness's credibility for truthfulness if the probative value outweighs its
prejudicial effect. See Tex. R. Evid. 609(a). A witness's credibility may not be
impeached by evidence of conviction of a felony if 10 years have elapsed since the
date of conviction or release from confinement, unless the court determines that, in
the interest of justice, the probative value of the conviction, supported by specific
facts and circumstances, substantially outweighs its prejudicial effect. Tex. R. Evid.
609(b) (emphasis added).

 Marshall pled guilty to murder in May 1983 and was sentenced to life in prison. 
In July 1984, Marshall was granted a new trial. On August 30, 1985, the State moved
to dismiss the case, and the motion was granted. Marshall argues that his conviction
is not a final conviction as required under Rule 609. See Tex. R. Evid. 609(e)
("Pendency of an appeal renders evidence of a conviction inadmissible."); Poore v.
State, 524 S.W.2d 294, 296 (Tex. Crim. App. 1975) ("A conviction which has been
reversed is not a final conviction and therefore cannot be used for impeachment"). 
We agree with Marshall. If neither a conviction that has been reversed nor a
conviction pending on appeal is a final conviction, then a conviction for which a new
trial has been granted and the case dismissed is not a final conviction under Rule 609. 
We hold the trial court did not abuse its discretion by preventing impeachment under
Rule 609 with a conviction that was not a final conviction. (1)

 3. False-Impression Exception 

 U.S.A. Precision also contends the trial court erred by excluding evidence of
Marshall's prior conviction because U.S.A. Precision was entitled to clarify the false
impression Marshall created by testifying that he had been continuously employed
and living with his parents when he was actually incarcerated. 

 Prior to trial, Marshall testified in his deposition that he had lived with his
parents "pretty much" from 1983 to 1986. On direct examination at trial, Marshall
testified he had worked in the machining industry for the last 20 years of his life and
had been continuously employed since the 1970s. During cross-examination, U.S.A.
Precision's counsel questioned Marshall about his work history leading up to the
1980s. Marshall's counsel asked to approach the bench and requested a ruling on the

 admissibility of Marshall's prior conviction for murder and subsequent incarceration
from 1983 to 1986. At a hearing outside the presence of the jury, U.S.A. Precision
argued that Marshall had opened the door for U.S.A. Precision to introduce evidence
of his conviction by creating the false impression through his deposition and trial
testimony that he had continuously worked and lived with his parents during the
period he was incarcerated. The trial court refused to allow U.S.A. Precision to
impeach Marshall with the conviction evidence and instead ruled that, if necessary,
U.S.A. Precision could impeach Marshall by his deposition testimony only. When
cross-examination resumed, U.S.A. Precision's counsel asked Marshall if he was
unemployed from 1983 to 1986, and Marshall answered that he had been unemployed
during this period. U.S.A. Precision also asked Marshall whether he had lived with
his parents from 1983 through 1986, and Marshall answered he had been living with
his parents only some of the time during this period. U.S.A. Precision then attempted
to impeach Marshall using deposition testimony in which he had stated he had "pretty
much" lived with his parents continuously from 1983 to 1986. 

 U.S.A. Precision contends Marshall opened the door for U.S.A. Precision to
introduce the conviction evidence by creating the false impression that he had lived
with his parents and continuously worked prior to the period he was employed by
U.S.A. Precision. However, any false impression Marshall may have created on
direct examination that he had been continuously employed during the period of his
incarceration was later corrected on cross-examination, when Marshall specifically
testified that he was unemployed from 1983 through 1986, the period of his
incarceration. Further, U.S.A. Precision was allowed to use Marshall's deposition
testimony, in which he stated he had lived with his parents "pretty much"
continuously during his period of incarceration, to impeach his trial testimony that he
had lived with his parents only part of this time. (2) Any false impression regarding
Marshall's work history was corrected by Marshall's testimony on cross-examination,
and, therefore, U.S.A. Precision has not shown any harm. See Tex. R. App. P. 44.1;
Porter v. Nemir, 900 S.W.2d 376, 381-82 (Tex. App.--Austin 1995, no writ) (holding
that the exclusion of evidence is not reversible error unless the complaining party can
demonstrate that the error caused the rendition of an improper judgment). Moreover,
Marshall's trial testimony did not create the false impression that Marshall had lived
continuously with his parents during the time he was incarcerated. Accordingly, we
conclude that U.S.A. Precision cannot successfully rely on the false-impression
exception to argue that the trial court erred in excluding the conviction evidence. We overrule U.S.A. Precision's first point of error.

B. Sufficiency of the Evidence

 In its second point of error, U.S.A. Precision contends the trial court erred by
entering judgment on the jury's findings that U.S.A. Precision had breached the
agreement between the parties because the evidence was both legally and factually
insufficient to show that any agreement existed between the parties. 

 To preserve a complaint for appellate review, a party must present to the trial
court a timely request, objection, or motion stating the specific grounds therefor. 
Tex. R. App. P. 33.1(a). To preserve a legal sufficiency challenge, a party must have
specifically raised its complaint in an objection to the submission of a jury question,
a motion for judgment notwithstanding the verdict, or a motion for new trial. See
Tex. R. App. P. 33.1; Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991). A motion
for new trial is the appropriate method of preserving a factual sufficiency challenge
on appeal. Tex. R. Civ. P. 324(b). 

 At trial, the jury answered the following questions:

 Question No. 1: Which of the parties listed below do you 

 find from a preponderance of the evidence failed to comply

 with the commission agreement in question?


 A. USA

 B. Marshall

 

 Answer: USA 


 Question No. 2: What sum of money, if any, if paid now in 

 cash, would fairly and reasonably compensate "Marshall" 

 for his damages, if any, that resulted from "USA's" failure 

 to comply?


 Answer: $54,953 


Jury question one asked whether a breach had occurred, not whether a contract
existed. The jury was not asked to determine the preliminary question of whether a
contract existed. Similarly, the phrase "commission agreement" was not defined in
the jury charge. U.S.A. Precision timely filed a unified motion for judgment
notwithstanding the verdict and motion for judgment disregarding jury findings and
a motion for new trial, both attacking the legal and factual sufficiency of the evidence
to support the jury's answers to jury questions one and two concerning breach and
damages. In contrast, on appeal, U.S.A. Precision contends the trial court erred by
entering judgment because the evidence was both legally and factually insufficient
to show that any enforceable agreement existed. 

 Although the question of whether the parties had an agreement and the terms
of this agreement was the central issue at trial, U.S.A. Precision did not argue below,
in either of its two post-trial motions, that there was no evidence showing an
enforceable agreement existed between the parties. (3) Therefore, U.S.A. Precision
failed to preserve its legal and factual sufficiency challenge. See Cal-Tex Lumber
Co., Inc. v. Owens Handle Co., Inc., 989 S.W.2d 802, 810-11 (Tex. App.--Tyler
1999, no pet.) (holding appellant waived its legal sufficiency challenge to the jury's
finding that it breached a contract because it failed to argue specifically in its motion
for new trial that there was no evidence to show it had the ability to perform the
obligations of the contract); compare Holland v. Hayden, 901 S.W.2d 763, 765 (Tex.
App.--Houston [14th Dist.] 1995, writ denied) (finding appellant preserved his
challenge to the factual sufficiency of the evidence supporting the jury's award of lost
profits damages as "speculative" by arguing in his motion for new trial that this award
was unsubstantiated by objective proof). 

 We overrule U.S.A. Precision's second point of error.Marshall's Appeal 

 In its appeal, Marshall argues only that the trial court abused its discretion by
reducing the jury's award of attorney's fees. 

 A court of appeals should uphold a trial court's remittitur only when the
evidence is factually insufficient to support the jury's verdict. Snoke v. Republic
Underwriters Ins. Co., 770 S.W.2d 777, 778 (Tex. 1989); Larson v. Cactus Util. Co.,
730 S.W.2d 640, 641 (Tex. 1987). A remittitur will not be upheld on appeal unless
the appellate court agrees with the trial court's implicit finding that the evidence was
insufficient to support the jury's verdict. Rio Grande Ltd. P'ship v. Mackechney, 753
S.W.2d 815, 819 (Tex. App.--Houston [1st Dist.] 1988, no writ). 

 At trial, Marshall's attorney testified that he had earned $29,487.50 in
attorney's fees, having expended 168.5 hours of time, and that $175 per hour was a
reasonable, necessary, and proper fee for services. This testimony was not rebutted. 
Further, on cross-examination, Marshall's attorney testified he had a one-third
contingency-fee agreement with Marshall. The jury awarded Marshall $29,487.50
for attorney's fees through trial. U.S.A. Precision filed a motion for remittitur,
arguing Marshall was entitled only to one-third of $54,953.00, the actual damages
awarded by the jury, because of the one-third contingency-fee agreement between
Marshall and his attorney. The trial court, without stating a reason, reduced the
award of attorney's fees to $21,966.40. (4) 

 Although a party's contingency-fee agreement should be considered by the
factfinder, this agreement alone cannot support an award of attorney's fees. See
Firefighters' & Police Officers' Civil Serv. Comm'n of the City of Houston v.
Herrera, 981 S.W.2d 728, 735-36 (Tex. App.--Houston [1st Dist.] 1998, pet. denied)
(upholding the jury's finding of attorney's fees based on evidence of the reasonable
and proper fee for services actually rendered). U.S.A. Precision argues Herrera is
distinguishable because, in Herrera, the attorney's fees calculated on an hourly basis
were less than what the attorney's fees would have been under the contingency
agreement; here, in contrast, the attorney's fees calculated on an hourly basis are
greater than the attorney's fees under the contingency agreement. We agree there is
a difference between the two cases, but the lesson of Herrera is that a jury's award
of attorney's fees can be sustained only to the extent the award is supported by
evidence of the actual value of the attorney's work. Here, the jury could have chosen
to decrease the award of attorney's fees based on the proved-up, actual value of the
attorney's work because there was a contingency-fee agreement for less, but the jury
declined to do so. Because there is sufficient evidence to support the jury's award of
attorney's fees, the trial court should have rendered judgment on the jury's award. We sustain Marshall's sole point of error.





Conclusion

 We reverse the part of the trial court's judgment remitting Marshall's award of
reasonable and necessary attorney's fees for preparation and trial. We modify that
portion of the judgment to award $29,478.50, the amount of reasonable and necessary
attorney's fees for preparation and trial found by the jury. We affirm the trial court's
judgment as so modified. 


 


 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Price. (5)

Publish. Tex. R. App. P. 47.1.
1. 
 
 
 
 
 
 
 
2. 
 ' 
3. 
 
 
 
 
 
 
4. ' 
 
5.