Opinion issued June 23, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01–04–00020–CV




RICHARD URDIALES, JR., Appellant

V.

ALFREDO CANTU, Appellee




On Appeal from 157th District Court
Harris County, Texas
Trial Court Cause No. 2001–23198




MEMORANDUM OPINION 

          This appeal follows a bench trial in which the trial court awarded appellant,
Richard Urdiales Jr., actual damages against appellee, Alfredo Cantu, for civil assault. 
The trial court concluded that there was no evidence to support Urdiales’s claim for
intentional infliction of emotional distress and determined that Urdiales was not
entitled to punitive damages against Cantu. In two issues, Urdiales (1) challenges the
trial court’s determination that no evidence exists to support his intentional infliction
of emotional distress claim and (2) contends that he is entitled to punitive damages. 
          We affirm.
Background
          Cantu was Urdiales’ supervisor at Concord Technologies Delaware, Inc.
(“Concord”), where both worked in the machine shop. On March 24, 2000, Urdiales
returned from his lunch break and approached Cantu. When Urdiales began
speaking, Cantu became upset and told Urdiales to go back to work. Cantu was angry
with Urdiales because he believed that Urdiales had taken too long for lunch. 
Urdiales left but then immediately returned to speak with Cantu. In one of his hands,
Cantu held a stainless steel part. Cantu swore at Urdiales and used the hand holding
the part to make physical contact with Urdiales’s chest. Three days after the
altercation, Urdiales sought medical treatment for his injury. 
          Urdiales contacted the authorities and criminal charges were brought against
Cantu. As a result, Cantu was placed on nine months community supervision,
ordered to perform 80 hours community service, assessed a $200 fine, and ordered
to pay $500 in restitution to Urdiales. 
          Urdiales was later terminated from his job and brought suit against Concord
and Cantu. Concord obtained a summary judgment against Urdiales, leaving Cantu
as the only remaining defendant. After the trial court severed the claims against
Concord and entered a final judgment, Urdiales appealed the judgment to the
Fourteenth Court of Appeals, which affirmed. Urdiales v. Concord Technologies
Dela., Inc., 120 S.W.3d 400 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).
          Urdiales pursued his claims against Cantu for assault and battery and
intentional infliction of emotional distress. Following a bench trial, the trial court
signed a judgment, awarding Urdiales $400 for pain and suffering and $750 for
mental anguish damages. The judgment also provided that the trial court was “of the
opinion that [Urdiales] should take nothing on his claims for medical expenses and
punitive damages.” Based on Urdiales’s request, the trial court filed findings of fact
and conclusions of law in support of its judgment. Urdiales neither objected to the
findings of fact and conclusions of law nor requested the trial court to make
additional or amended findings.
Intentional Infliction of Emotional Distress
          In his first issue, Urdiales challenges the trial court’s conclusion of law that “no
competent evidence” was offered to support a finding of intentional infliction of
emotional distress against Cantu. Urdiales does not expressly challenge any of the
trial court’s findings of fact; rather, Urdiales cites to evidence in the record that he
contends supports his claim for intentional infliction of emotional distress. 
          In an appeal from a bench trial, we review a trial court’s conclusions of law as
legal questions, de novo, and will uphold them on appeal if the judgment can be
sustained on any legal theory supported by the evidence. BMC Software Belg. v.
Marchand, 83 S.W.3d 789, 794 (Tex. 2002); In re Moers, 104 S.W.3d 609, 611 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). An appellant may not challenge a trial
court’s conclusions of law for factual insufficiency, but we may review the legal
conclusions drawn from the facts to determine their correctness. BMC Software
Belg., 83 S.W.3d at 794. If we determine that a conclusion of law is erroneous, but
that the trial court nevertheless rendered the proper judgment, the error does not
require reversal. Id.
          To recover damages for intentional infliction of emotional distress, a plaintiff
must establish that (1) the defendant acted intentionally or recklessly; (2) the
defendant’s conduct was extreme and outrageous; (3) the defendant’s actions caused
the plaintiff emotional distress; and (4) the resulting emotional distress was severe. 
Standard Fruit & Vegetable Co. v. Johnson, 985 S.W.2d 62, 65 (Tex. 1998). 
          Urdiales focuses on evidence that he contends shows that Cantu’s conduct was
“extreme and outrageous.” Broadly construed, Urdiales’s contention can be read as
a sufficiency of the evidence challenge to the trial court’s findings of fact that
underpin the conclusion that Cantu’s conduct was not “extreme and outrageous.” 
However, we need not determine whether Urdiales offered sufficient evidence to
satisfy the “extreme and outrageous” element of intentional infliction of emotional
distress. 
          We overrule sufficiency challenges to the evidence supporting fact findings
that bolster a legal conclusion or disposition when other fact findings that also
support that legal conclusion or disposition go unchallenged. See In re L.R., 67
S.W.3d 332, 338–39 (Tex. App.—El Paso 2001, no pet.). Here, Urdiales does not
challenge other fact findings that support the trial court’s disposition of Urdiales’s
intentional infliction of emotional distress claim. See Firefighters’ & Police Officers’
Civil Serv. Comm’n v. Herrera, 981 S.W.2d 728, 732 (Tex. App.—Houston [1st
Dist.] 1998, pet. denied) (“Unchallenged findings are binding on the parties and this
Court”). Specifically, the trial court’s unchallenged findings of fact support a
conclusion that Cantu’s actions did not cause Urdiales “severe emotional distress”—a
necessary element to maintain a successful claim for intentional infliction of
emotional distress. “Severe emotional distress” means distress so severe that no
reasonable person could be expected to endure it. GTE Southwest, Inc. v. Bruce, 998
S.W.2d 605, 618 (Tex. 1999); Fields v. Teamsters Local Union No. 988, 23 S.W.3d
517, 533 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). 
          In this regard, two of the unchallenged findings state that “Urdiales sought
limited additional medical care after the initial medical care” and that “Urdiales
experienced some limited degree of physical pain and mental anguish as a result of
the March 24, 2000 altercation.” [Emphasis added.] These findings are antithetical
to a conclusion that Urdiales suffered “severe emotional distress.” To the contrary, 
these unchallenged conclusions support the trial court’s “no competent evidence”
conclusion and the ultimate disposition of Urdiales’s intentional infliction of
emotional distress claim. 
          We overrule Urdiales’s first issue.
Punitive Damages 
          In his second issue, Urdiales contends that the trial court erred in denying his
request for punitive damages. The trial court made no findings of fact or conclusions
of law referable to Urdiales’s punitive damages claim. 
          Once a trial court files findings of fact, either party may ask the trial court to
make specific additional findings within ten days of the date the court files the
original findings. Tex. R. Civ. P. 298. If a trial court’s original findings do not
address a ground of recovery or a defense, then the party relying on that ground or
defense must request additional findings to avoid waiver of that claim or defense on
appeal. Limestone Group, Inc. v. Sai Thong, L.L.C., 107 S.W.3d 793, 799 (Tex.
App.—Amarillo 2003, no pet.); Smith v. Smith, 22 S.W.3d 140, 149–50 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). Because our record contains no request
for additional findings or conclusions, Urdiales has waived his right to complain on
appeal that the trial court denied his request for punitive damages. See Limestone
Group, 107 S.W.3d at 799 (holding that claimant waived right to complain of trial
court’s denial of attorney’s fees on appeal when it did not request additional findings
or conclusions in trial court); Smith, 22 S.W.3d at 150 (concluding that husband
waived right to complain on appeal regarding manner in which trial court had
calculated division of retirement benefit account in divorce proceeding when husband
did not request additional findings and conclusions regarding how court made
division). 
          We overrule Urdiales’s second issue.
 

Conclusion
          We affirm the judgment of the trial court.




                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Higley.