Opinion issued July 12, 2007












Opinion
issued July 12, 2007








 

 

 

 

 




 
 
 
 
 




                    






 

 








 

    


 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-06-00631-CV

 



 

PAIGE B. HATCH, Appellant

 

V.

 

TEXAS PROPERTY AND CASUALTY INSURANCE
GUARANTY ASSOCIATION FOR THE HOME INDEMNITY COMPANY, Appellee

 



 

On Appeal from the 269th District
Court

Harris County,
Texas

Trial Court Cause No. 2001-50730

 



 

MEMORANDUM OPINION

 








          This is an appeal from a suit for
judicial review of a Texas Workers= Compensation
Commission (ATWCC@)[1]
determination concerning the compensability of on-the-job injuries suffered by
appellant, Paige B. Hatch.  Appellee,
Texas Property and Casualty Insurance Guaranty Association (ATPCIGA@), brought a suit
for judicial review, seeking a declaration that Hatch=s rheumatoid
arthritis (ARA@) was not a
component of his compensable injuries and recovery of its costs.  After a jury trial, the trial court rendered
judgment on a verdict that RA was a compensable component of Hatch=s injuries.

In his sole issue
on appeal, Hatch contends that the trial court erred by excluding his trial
counsel as an expert witness on the issue of attorney=s fees.

We affirm.

FACTS AND
PROCEDURAL HISTORY

 In 1991, Hatch suffered injuries to his
wrists, shoulders, and knees while at work unloading gravel trucks.  Hatch was subsequently diagnosed with
trauma-induced RA.  The workers= compensation
carrier for Hatch=s employer at the time, The Home Indemnity
Company (AHome@), covered Hatch=s treatment until
year 2000.

On May 14, 2001,
Home challenged the compensability of Hatch=s injuries before
the TWCC.  The TWCC concluded that RA was
a compensable component of Hatch=s injuries.  A TWCC appellate panel later affirmed the determination.[2]

On October 1,
2001, Home filed a petition for judicial review in the 269th District Court,
alleging that the evidence was insufficient to support the finding that RA was
a component of Hatch=s compensable injuries, and seeking a
denial of future benefits and recovery of costs.  Hatch answered with the affirmative defenses
of waiver, estoppel, and laches.  In
addition, Hatch sought to recover his attorney=s fees Apursuant to
Section 408.221(c) of the Labor Code effective September 1, 2001.@[3] 

On November 16,
2001, Home served Hatch with a Request for Disclosure, seeking the designation
of any testifying experts, and disclosure of the subject matter and bases of their
opinions, as well as any underlying data. 
Hatch responded by designating two physicians.  Home also requested disclosure of the amount
of economic damages Hatch would seek and the method of computation.  Hatch responded that he would seek $960,000
and AAttorneys fees at
40% = $384,000.@ 








In May 2003,
during the pendency of the appeal to the district court, Home was declared an
impaired insurer.[4]  Appellee, TPCIGA, became the statutory
successor to Home and substituted into the lawsuit, adopting Home=s petition in the
district court.[5]

On October 12,
2004, the trial court issued an Agreed Scheduling Order, setting the case for a
jury trial on January 10, 2005.  The
Order granted TPCIGA until November 10, 2004 to designate expert witnesses and
prohibited Hatch from designating additional experts without leave of court.[6]  On October 13, 2004, the trial court issued a
Trial Preparation Order, requiring the parties to exchange their lists of trial
witnesses by January 10, 2005.  When
trial was later reset for January 24, 2005, the parties agreed to extend this
deadline to January 21, 2005. 

On December 27,
2004, TPCIGA amended its petition to assert, inter alia, that section
408.221(c) of the Labor Code did not allow Hatch to recover attorney=s fees as Hatch
had originally contended in 2001 in his answer to Home=s suit. 








On January 21,
2005, pursuant to the agreed modification of the Trial Preparation Order, Hatch
filed his witness list, designating two physicians as his experts.  Hatch did not designate an attorney to
testify regarding attorney=s fees.

Subsequently,
trial was reset for May 16, 2005.  Two business
days prior to trial, on May 12, 2005, and without seeking leave as instructed,
Hatch filed a Supplemental Witness Designation, in which he designated his
trial counsel, Allan G. Levine, as a testifying expert regarding the
reasonableness and necessity of attorney=s fees.  Hatch did not provide any information
concerning the bases or underlying data. 
On May 13, 2005, TPCIGA filed a motion to exclude Levine on the grounds
of surprise, prejudice, and Hatch=s failure to
provide any information, reports, or underlying data as to attorney=s fees, as had
been requested in Home=s Request for Disclosure.








On May 16, 2005,
at a pre-trial hearing, the trial court considered TPCIGA=s motion to
exclude Levine as an expert witness on attorney=s fees.  TPCIGA=s counsel, Gregory
Whigham, argued that he had spoken with Levine in 2004 and had explained that
section 408.221(c) of the Labor Code[7]
did not permit Hatch to recover attorney=s fees because
Home, TPCIGA=s predecessor as the original insurer, was
impaired, and, therefore, article 21.28BC of the Insurance
Code[8]
controlled and prohibited the collection of attorney=s fees from
TPCIGA.  Whigham argued that, subsequent
to those discussions, when Levine failed to timely designate an expert as to
attorney=s fees, Whigham
understood that Levine had reviewed the statutes as discussed and had agreed
that recovery of attorney=s fees was not possible.  TPCIGA contended that it prepared the case
accordingly and was unfairly surprised when it learned, through the designation
of Levine two business days before trial, that Hatch would pursue his original
claim for attorney=s fees.

Hatch argued that
his failure to designate Levine was inadvertent and contended that section
408.221(c) of the Labor Code controlled and made TPCIGA liable for attorney=s fees.  

The trial court
orally granted TPCIGA=s motion to exclude Levine=s testimony on the
ground that Hatch had failed to timely designate Levine as an expert.  The trial court declined to make a specific
ruling with regard to the implications of Insurance Code article 21.28BC in this case,
but noted that it had Acertainly factored that in for [its]
consideration.@








At the conclusion
of trial, the jury found that Hatch=s 1991 injury was
a cause of his RA, and the trial court rendered judgment in favor of Hatch on
May 9, 2006.  Hatch filed a motion for
new trial on the issue of attorney=s fees, which the
trial court denied.  This appeal ensued.

Exclusion of
Expert Witness

In his sole issue
on appeal, Hatch contends that the trial court erred by excluding his trial
counsel as an expert witness on the issue of attorney=s fees.  Hatch contends that the exclusion of his
expert witness improperly precluded him from exercising his statutory right,
pursuant to Labor Code section 408.221(c), to recover attorney=s fees.  We construe Hatch=s contention to be
that, because attorney=s fees are statutorily prescribed, the
trial court was compelled to accept his evidence.  













Hatch contends
that resolution of this case turns on a reconciliation of perceived conflicts
between Labor Code section 408.221(c)[9]
and Insurance Code article 21.28BC.[10]  The trial court expressly declined to rule on
the statutory issues presented when it ruled that Hatch=s expert witness
would be excluded.  We agree that the
resolution of this case does not depend upon a reconciliation of perceived
conflicts in the statutes because even if, as Hatch contends, Labor Code
section 408.221(c) governs this dispute and shifts liability for Hatch=s Areasonable and
necessary@ attorney=s fees to TPCIGA,
Hatch failed to meet his evidentiary burden under the statute to show that the
fees sought were reasonable and necessary.[11] 
See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812,
818B19 (Tex. 1997) (concluding that party cannot simply
ask for percentage of recovery as fee without evidence of factors demonstrating
that fees were reasonable and necessary); Firefighters= & Police Officers= Civil Serv. Comm=n of the City of Houston v. Herrera, 981 S.W.2d 728, 735B36 (Tex. App.CHouston [1st Dist.] 1998, pet.
denied) (concluding that, although attorney=s fees shifted to Commission by
statute, claimants were not relieved of burden to prove that attorney=s fees under contingency arrangement
were reasonable and necessary); see also Volume Millwork,
Inc. v. West Houston Airport Corp., 218 S.W.3d 722, 732 (Tex. App.CHouston [1st
Dist.] 2006, pet. denied) (concluding that award of attorney=s fees must be
supported by evidence that fees were both reasonable and necessary). 

Hatch=s evidence
regarding the reasonableness and necessity of attorney=s fees was to be
the expert testimony of his counsel, Levine.   Hatch contends that the trial court erred when
it excluded Levine as an expert witness. 

A.      Standard
of Review and Principles of Law








We review a trial
court=s exclusion of an
expert on the basis of improper designation for an abuse of discretion.  Mentis v. Barnard, 870 S.W.2d 14, 16 (Tex. 1994).  A trial court abuses its discretion if it
acts without guiding  rules or
principles.  Owens-Corning Fiberglass
Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998).  A party seeking to reverse a
judgment based on an evidentiary error must prove that the error probably
resulted in an improper judgment or that the error probably prevented the
appellant from properly presenting the case to the court of appeals.  See Tex.
R. App. P. 44.1; Malone, 972 S.W.2d at 43; Benavides v.
Cushman, Inc., 189 S.W.3d 875, 879 (Tex.
App.CHouston [1st
Dist.] 2006, no pet.).  An appellate
court must uphold the trial court=s evidentiary
ruling if there is any legitimate basis for the ruling.  Malone, 972 S.W.2d at 43.

Under the Texas
Rules of Civil Procedure, which govern civil actions in the district court, a
party may serve the opposing party with a request for disclosure of any
testifying experts and the subject matter on which the expert will testify, the
general substance and basis of the expert=s opinions, and
all underlying reports and data.  Tex. R. Civ. P. 2, 194.1, 194.2,
195.1.  Unless otherwise ordered by the
trial court, a party must designate its experts and furnish the requested
information Aby the later of the following two dates:
30 days after the request is served, orC(a) with regard to
all experts testifying for a party seeking affirmative relief, 90 days before
the end of the discovery period; (b) with regard to all other experts, 60 days
before the end of the discovery period.@  Tex.
R. Civ. P. 195.2.








If a party learns
that its response to written discovery was incomplete or incorrect when made
or, although correct when made, is no longer complete and correct, the party
must supplement the response to the extent that the request sought, inter
alia, identification of expert witnesses and other informationCunless the other
information has been made known to the other party in writing, on the record at
a deposition, or through other discovery responses.  Tex.
R. Civ. P. 193.5, 195.6.  A
supplemental response must be made reasonably promptly after the party
discovers the necessity of the response. 
Tex. R. Civ. P.
193.5.  Generally, Ait is presumed
that [a] . . . supplemental response made less than 30 days before trial was
not made reasonably promptly.@  Tex.
R. Civ. P. 193.5.

When a party fails
to supplement a discovery response in a timely manner, Rule 193.6 provides
that:

. . . [the party] may not introduce
in evidence the material or information that was not timely disclosed, or offer
the testimony of a witness (other than a named party) who was not timely
identified, unless the court finds that:

(1)     there was good cause for the failure to make, amend, or
supplement the discovery response; or

(2)     the
failure to timely make, amend, or supplement the discovery response will not
unfairly surprise or unfairly prejudice the other parties.

 

Tex. R. Civ. P. 193.6(a).        
The party seeking to call the witness bears the burden to establish good cause
or the lack of unfair surprise or prejudice. 
Id.
193.6(b). The trial court=s finding of good cause or lack of unfair
surprise or prejudice must be supported by the record.  Id.  If the party fails to carry its burden, the
trial court may grant a continuance to allow a response to be made, amended or
supplemented, and to allow opposing parties to conduct discovery regarding any
new information presented by the response. 
Id.
193.6(c).








B.      Analysis 

Here, in 2001, when Home appealed
the TWCC decision to the trial court, Hatch answered that he would seek
attorney=s fees, Apursuant to
Section 408.221(c) of the Labor Code, effective September 1, 2001.@  However, when Home served Hatch with a
Request for Disclosure, requesting that Hatch designate his expert witnesses,
disclose information concerning those witnesses, the general substance of the
experts= opinions, a brief
summary of the bases for the opinions, and all reports or data compilations,
Hatch did not designate an attorney as a testifying witness.  See Tex.
R. Civ. P. 194.2, 195.1. 

In February 2003, in response to
Home=s request for
disclosure of the amount of economic damages Hatch would seek and the method of
computation, Hatch included in his response that he would seek 40 percent of
the asserted economic damages as attorneys fees, or $384,000.  In June 2003, Home was declared an impaired
insurer and TPCIGA substituted into the suit. 
In October 2004, when the trial court issued an Agreed Scheduling Order,
prohibiting Hatch from designating any additional (non-rebuttal) experts without
leave of court, Hatch did not seek leave to designate his attorney as an expert
witness.  








In December 2004, when TPCIGA
asserted in its amended petition that Hatch could not recover attorney=s fees under
section 408.221 of the Labor Code, Hatch did not supplement his response to the
request for disclosure or seek leave to designate Levine as an expert
witness.  In January 2005, Hatch timely
filed a witness list, pursuant to the agreed modification of the Trial
Preparation Order, but did not designate an attorney to testify as to attorney=s fees.

Subsequently, two business days
before trial, on May 12, 2005, Hatch filed a Supplemental Expert Witness
Designation, naming, for the first time, Levine as his expert witness as to the
reasonableness and necessity of attorney=s fees.  Pursuant to Rule 193.5, Hatch=s supplemental
response was not made reasonably promptly.  See Tex.
R. Civ. P. 193.5 (providing that supplemental response made less than 30
days before trial is presumed not to have been made reasonably promptly).  

Because Hatch failed to supplement
his response in a timely manner, he was prohibited by Rule 193.6 from offering
the expert testimony of Levine unless Hatch met his burden to establish that
(1) there was good cause for the failure to supplement his discovery response
or (2) the failure to timely supplement his discovery response would not
unfairly surprise or prejudice TPCIGA.  See Tex. R. Civ. P. 193.6(a), (b).  In addition, the record must contain evidence
to support a finding of good cause or a lack of unfair surprise.  See id. 193.6(b). 








First, Hatch conceded in the trial
court that he should have designated Levine in response to the request for
disclosure and that Hatch=s failure to timely designate Levine was
inadvertent.  It is well-established, however,
that the inadvertence of counsel does not constitute Agood cause.@  See Alvarado v. Farah Mfg. Co., 830
S.W.2d 911, 915 (Tex. 1992); Harris County
v. Inter Nos, Ltd., 199 S.W.3d 363, 367  
(Tex.
App.CHouston [1st
Dist.] 2006, no pet.).  Therefore, the
record establishes that Hatch did not show good cause for the late designation
of Levine.








Second, Hatch failed to meet his burden
to show that his failure to timely supplement his discovery response would not
unfairly surprise or unfairly prejudice TPCIGA. 
See Tex. R. Civ. P.
193.6(a).  In a brief Hatch submitted to
the trial court in the matter, Hatch stated only that TPCIGA was not prejudiced
by the late designation because, in 2003, as part of his response to Home=s request for
disclosure as to economic damages, Hatch responded that he would seek attorney=s fees of $384,000
as 40 percent of his asserted economic damages. 
At the pre-trial hearing, TPCIGA argued that it was surprised by the
late designation because it thought that Hatch was no longer seeking attorney=s fees after the
parties= discussion and
that it had not been put on notice to develop this aspect of its case.   Hatch contended that TPCIGA knew all along
that Hatch would seek attorney=s fees.  However, throughout preparation for trial,
following the time that TPCIGA substituted into the suit, Hatch did nothing to
alert TPCIGA to the fact that it planned to seek attorney=s fees.  Moreover, at the pre-trial hearing, although
Hatch argued the availability of attorney=s fees under
section 408.221(c) of the Labor Code, he failed to persuade the trial court
that TPCIGA was not unfairly surprised or unfairly prejudiced by Hatch=s untimely
designation of his expert witness. 

We conclude that Hatch=s indirect
disclosure (through his response to a question concerning economic damages in a
request for disclosure submitted by Home in 2001) that he would seek $384,000
in attorney=s fees, was not, on its own, sufficient to
demonstrate that TPCIGA was not prejudiced by the late designation of Levine.

Moreover, rule 193.6 provides the
trial court with the discretion to the grant a continuance to allow a response
to be supplemented and to allow opposing parties to conduct discovery regarding
any new information presented by the response. 
See Tex. R. Civ. P.
 193.6(c).  However, the record before us does not
reflect that Hatch sought a continuance.   


The trial court=s implicit finding
that TPCIGA was unfairly prejudiced is supported by the record.  We must uphold the trial court=s evidentiary
ruling if there is any legitimate basis for the ruling.  Malone, 972 S.W.2d at 43.  We hold that the trial court did not abuse
its discretion by excluding Levine as an expert witness as to attorney=s fees.

Accordingly, Hatch=s sole issue is
overruled.








CONCLUSION

 

We affirm the judgment of the trial
court.

 

                                                              

 

 

Laura Carter Higley       

Justice

 

Panel consists of Chief Justice
Radack and Justices Keyes and Higley.

 











[1]           The Texas Workers= Compensation Commission was replaced in 2005 by the
Texas Department of Insurance, Division of Workers= Compensation.  See
Tex. Lab. Code Ann. _ 402.001 (Vernon 2006).  We refer to that authority as it existed at
the time of the administrative hearings in this case. 





[2]           Tex. Workers= Comp.
Comm=n, The Home Indemnity Co. v. Paige B. Hatch, Resp.,
Docket No. SU-91-082909-04-CC-SU41, No. 011579 (Aug. 29, 2001). 





[3]           See Act of May 18, 2001, 77th Leg., R.S., ch. 1456, _ 8.01, 2001
Tex. Gen. Laws 5189 amended by Act of May 20, 2005, 79th Leg., R.S., ch. 265, _ 3.132, 2005
Tex. Gen. Laws 469, 529 (current version at Tex. Lab. Code Ann. _ 408.221(c) (Vernon 2006)).  The 2001 version applies to a request for
judicial review that, as here, occurred on or after September 1, 2001. 





[4]           Generally,
an Aimpaired insurer@ is an
insurer that has been placed in receivership or conservatorship based upon a
finding of insolvency.  Tex. Ins.
Code Ann. _ 462.004 (Vernon 2006).





[5]           See id. at __ 462.002, 462.051 (stating that TPCIGA is a nonprofit,
unincorporated legal entity composed of member insurers that was created to
avoid financial loss to claimants and policyholders because of the impairment
of an insurer).





[6]           Hatch was given until December 10, 2004 to designate
rebuttal experts. 





[7]           See Act of May 18, 2001, 77th Leg., R.S., ch. 1456, _ 8.01, 2001
Tex. Gen. Laws 5189, 5189 (amended 2005). 





[8]           See Act of May 12, 1971, 62nd Leg., R.S., ch. 360, _ 1, 1971 Tex. Gen. Laws 1362, 1362,
repealed by Act of May 24, 2005, 79th Leg., R.S., ch. 727, _ 18(a)(6), 2005 Tex. Gen. Laws 1752, 2187 (now
codified at Tex.
Ins. Code Ann. 462.001B.351 (Vernon 2006)).





[9]           See Act of May 18, 2001, 77th Leg., R.S., ch. 1456, _ 8.01, 2001
Tex. Gen. Laws 5189, 5189 (amended 2005). 





[10]          See Act of May 12, 1971, 62nd Leg., R.S., ch. 360, _ 1, 1971 Tex. Gen. Laws 1362, 1362 (repealed
2005). 





[11]          Section 408.221provides as follows, in pertinent part:

. . . . 

 

(c)       An insurance carrier that seeks judicial review . . . of a
final decision of the appeals panel regarding compensability . . . [of]
benefits is liable for reasonable and necessary attorney=s fees as provided by Subsection (d) incurred by the claimant as a result of the insurance
carrier=s appeal if the claimant prevails on an issue on which
judicial review is sought by the insurance carrier . . . . 

 

(d)       In approving an attorney=s fee
under this section . . . the . . . court shall consider:

(1)       the time and labor required;

(2)       the novelty and difficulty of the
questions involved;

(3)       the skill required to perform the legal services properly;

(4)       the fee customarily charged in the locality for similar legal
services;

(5)       the amount involved in the controversy;

(6)       the benefits to the claimant that the attorney is responsible
for securing; and

(7)       the experience and ability of the attorney performing the
services.

 

See Act of May 18, 2001, 77th Leg., R.S., ch. 1456, _ 8.01, 2001
Tex. Gen. Laws 5189, 5189 (amended 2005).  The Texas Supreme
Court has set forth these factors as determinative of the reasonableness and
necessity of attorney=s fees in other contexts.  Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d 812, 818 (Tex.
1997).